OMAHA REAL ESTATE & TRUST CO., APPELLANTS, V. JOHN A. MURPHY ET AL., APPELLEES.

[FILED JANUARY 27, 1892.]

Review: REAL ESTATE: FALSE REPRESENTATIONS. In an action by a vendor of real estate to enforce the contract for the sale of certain lots, the defendants answered in substance that the agent of the plaintiff, in selling the same, represented that they were high and dry and level, and that they had no knowledge as to the location of the lots, and relied on said representations, and the lots were not high and dry and level, but on the contrary were situated in a low place. *Held*, That as the testimony was conflicting, and it did not appear that the judgment was clearly wrong, it would not be set aside.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*George W. Covell*, for appellant.

*John C. Shea*, contra.

Maxwell, Ch. J.

This action is brought by the plaintiff, as vendor of certain lots in an addition to the city of Omaha, to compel the defendants to comply with their contract for the purchase of said lots, or in case they fail to do so that their rights therein may be foreclosed and said premises sold, etc. The defendants filed an answer, as follows: " That it is true that they purchased from the plaintiff on a contract five lots, but that said lots are not the lots shown to defendants by plaintiff.

" Second—That said plaintiff, through its authorized agent, sold to defendants five lots and represented to the defendants before the signing of said contract that said lots were high and level, and in the choicest part of the addition, which representation was false, and known to be false, by the plaintiff; that said defendants, relying on the representation made, did sign the contract as set out in plaintiff's petition; that said defendants subsequently investigated the location of the lots mentioned in said contract and found that the lots which the plaintiff agreed to sell to them were not the lots mentioned in said contract, and so acquainted the said plaintiffs of the same, and refused to pay any further sum or sums on said contract. Defendants, therefore, pray that they may be relieved from the terms of said contract; that the same be annulled and the amount paid by them on said contract be decreed in their favor, and for such other relief as to the court may seem just and equitable."

The reply is a general denial.

On the trial of the cause the court found the issues in favor of the defendants. The principal objection made in this court is, that the judgment is not supported by the evidence. The defendants testify in substance that they were unacquainted with the lots in question when they purchased the same, that the agent, to effect the sale for the

54

plaintiff, represented that the lots were high and dry and level, and the defendants, relying upon said representations, purchased said lots, and they are not high and dry and level, but, on the contrary, are situated in a draw, or low place, and are not desirable.    There is considerable conflict as to the location of the lots, although some of the testimony on that point is hearsay.    The conflict in the testimony is so great that it is impossible for this court to determine that the witnesses of the plaintiff are entitled to more credit than those of the defendants.    The district court had the witnesses before it and possessed advantages in that regard for forming an opinion as to their credibility that we do not have, and as the judgment is not clearly wrong it must be

AFFIRMED.

THE other judges concur.