JOHN H. BRIGHAM et al. vs. HARRY B. WOOD et al.

Argued Jan. 26, 1892. Decided Feb. 5, 1892.

**Facts Found by Jury.**—*Held*, that certain issues of fact were, under the evidence, questions for the jury.

**Answer Construed.**—*Also*, that the answer tendered no issue as to the forfeiture of a policy of insurance by a change in the ownership of the property by reason of the withdrawal of one partner from the firm to which the policy was issued.

Appeal by defendants, Harry B. Wood and Willard W. Morse, from an order of the district court of Hennepin county, *Lochren, J.,* made September 30, 1891, refusing a new trial.

The plaintiffs were John H. Brigham, Frederick G. Brigham, and George C. Card. The property insured and destroyed was crates of imported crockery. The issues were tried June 3, 1891. The jury returned a verdict for plaintiffs, and assessed their damages at $450. The defendants moved for a new trial. It was refused, and they appealed.

*Spooner & Taylor*, for appellants.

The verdict is contrary to and palpably against the evidence.

There was such a change in the ownership of the goods by reason of Mr. Cole's retiring from, and going out of, plaintiffs' firm, that the insurance policy thereon became by its terms utterly void. *Buckley* v. *Garrett*, 47 Pa. St. 204; *Howard* v. *Albany Ins. Co.*, 3 Denio, 301; *Murdock* v. *Chenango Co. Mut. Ins. Co.*, 2 N. Y. 210; *Wood* v. *Rutland & A. Mut. Fire Ins. Co.*, 31 Vt. 552; *Hathaway* v. *State Ins. Co.*, 64 Iowa, 229; *Langdon* v. *Minn. Farmers' Mut. Fire Ins. Ass'n*, 22 Minn. 193.

*Hahn & Hawley*, for respondents.

The jury did not believe the evidence of the defendants. There was ample evidence to support the verdict.

There was no issue in the pleadings as to a forfeiture of the policy of insurance by change in the ownership of the goods. The withdrawal of Mr. Cole from the plaintiffs' firm is not mentioned in the answer, and was not litigated at the trial. His withdrawal transferred his interest to his partners. No stranger was admitted. This did not invalidate the policy. The authorities on this point are not uniform. *Allemania Fire Ins. Co.* v. *Peck*, 133 Ill. 220; *Drennen* v. *London Assur. Co.*, 20 Fed. Rep. 657; *New Orleans Ins. Ass'n* v. *Holberg*, 64 Miss. 51; Wood, Ins. § 334; *Burnett* v. *Eufaula Home Ins. Co.*, 46 Ala. 11; *West* v. *Citizens' Ins. Co.*, 27 Ohio St. 1; *Lockwood* v. *Middlesex Mut. Assur. Co.*, 47 Conn. 553; *Dermani* v. *Home Mut. Ins. Co.*, 26 La. Ann. 69; *Hoffman* v. *Ætna Fire Ins. Co.*, 32 N. Y. 405; *Blackwell* v. *Insurance Co.*, 48 Ohio St. 533.

MITCHELL, J. The cause of action alleged in the complaint is that in January, 1890, the plaintiffs stored with defendants as warehousemen in their warehouse known as the "Old Security Warehouse" certain goods, and at the time of storing them informed the defend-

ants that they would cause the goods to be insured; that the plaintiffs did effect an insurance of the goods against loss by fire while stored in the warehouse referred to for the period of one year from January 24, 1890; that about March 14, 1890, the defendants moved the goods to another building known as the "Itasca Warehouse," at which it was agreed that they should be kept stored, and should not be removed therefrom without the knowledge of the plaintiffs, nor until their consent had been first obtained; that the insurance company thereupon agreed with plaintiffs that the insurance policy should remain in force and cover the goods while stored in the last-named building,—all of which facts in relation to the insurance were known to the defendants; that, notwithstanding such agreement, the defendants subsequently, without notice to or the knowledge of the plaintiffs, removed the goods to another building, known as the "New Security Warehouse," where they were destroyed by fire in the month of July; that by reason of such removal the goods were not at the time of their destruction covered by the policy of insurance.

Aside from denials of certain allegations in the complaint, the defenses were (1) that the plaintiffs had actual knowledge of the removal of the goods to the "New Security Warehouse" long before the fire; (2) that defendants, long before the fire, notified the agent of the insurance company of such removal, and that he promised to make the necessary changes in the policy to cover the goods in the new warehouse. Upon both these points the evidence was conflicting. Upon the first the court instructed the jury that if the plaintiffs *in any way* obtained knowledge of the fact of the removal a sufficient time before the fire to enable them to have procured the consent of the insurance company to the removal, or to have procured new insurance, and the plaintiffs neglected, after such knowledge, to protect themselves in that way, they could not claim anything by reason of the neglect of the defendants to notify them of the removal. This fairly and correctly stated the law. Upon the second point the court instructed the jury that if the defendants notified the agent of the insurance company of the removal of the goods, and the agent thereupon promised to make the necessary changes in the policy, such promise would be binding on the insurance company,

and the plaintiffs would have an adequate remedy against it on the policy, and could not recover in this action. The disadvantage at which this would place the plaintiffs is very apparent, for reasons suggested in the case of Conover against these same defendants. *Post*, p. 438, (51 N. W. Rep. 227.) But whatever error, if any, there was in this instruction, was in favor of the defendants. Consequently they cannot complain.

It cropped out incidentally during the trial on cross-examination of one of the witnesses that when these goods were stored with defendants, and when this insurance was effected upon them, one Cole was a member of the plaintiffs' firm, but that he withdrew from the firm about the 1st of May. It is claimed that this retirement of Cole from the firm to which the policy was issued effected such a change of ownership of the subject of the insurance as, under the terms of the policy, to render it void, and consequently the plaintiffs could not have been damaged by the failure of defendants to notify them of the removal of the goods. We do not think this question is presented by the record before us. It was stipulated that the original policy might be used as an exhibit in this court, the same as if made a part of the settled case; but it was not produced nor presented to us, nor is it on file in this court; hence we have no means of ascertaining what its provisions were, except what counsel state in their briefs. But, aside from this, no such issue was raised or suggested in the pleadings. The complaint alleged that the *plaintiffs*, being the owners of the goods, stored them with defendants, and that *plaintiffs* made the contract of insurance, etc. The answer admits that the defendants made the contract for the storage of the goods with the *plaintiffs*, and that the goods belonged to the *plaintiffs;* that the *plaintiffs* knew of the removal of the goods before the fire, and that the insurance company with which the *plaintiffs* were insured also had notice and knowledge of the fact. In short, in both the complaint and the answer it is everywhere alleged or admitted that the present plaintiffs were the owners of the goods, and made all contracts with reference to both their storage and insurance; and there is nowhere any suggestion that any one else ever had any interest in them, or that there had been any change of ownership, or any forfeiture of the

insurance on that or any other ground, except by the removal of the goods from the warehouse where they were insured. And the only thing suggested in the answer by way of an affirmative defense was that both the insured and the insurer knew of the removal long before the fire. Forfeiture by change in the ownership contrary to the provisions of the policy is an affirmative defense which the insurance company would have had to plead had the action been against it on the policy, and certainly these defendants are not in any better or more favored position when they seek to relieve themselves from liability for their neglect of duty in failing to notify the plaintiffs of the removal of the goods. The change in the ownership by the retirement of Cole from the firm would at most have merely made the policy voidable at the election of the insurance company. Had any such issue been tendered by the defendants, the plaintiffs might have proved that the insurance company waived the forfeiture, or consented to the continuance of the policy notwithstanding the change produced by the retirement of Cole. The trial of the case proceeded throughout upon the theory that the sole ground upon which the policy was not paid was that the loss occurred in a place other than that to which the insurance applied. There was nowhere any suggestion that the insurance company asserted any forfeiture on account of any change in the ownership of the goods, or predicated their nonliability on any other ground than the removal of the goods.

Order affirmed.

(Opinion published 51 N. W. Rep. 228.)